Elizabeth M. Casey *vs.* Marguerite Casey.

Suffolk.    May 23, 1935. — June 26, 1935.

Present: Rugg, C.J., Pierce, Field, Lummus, & Qua, JJ.

*Contract*, Construction.

A written contract by the owner of an apartment house, in one clause to pay a certain sum monthly from the "net income" of the whole house and in another clause to pay also the "monthly income" from one apartment, was construed as requiring the owner to pay the gross, not the net, income from the one apartment.

Contract. Writ in the Municipal Court of the City of Boston dated November 23, 1934.

On removal to the Superior Court, the action was heard without a jury by *Weed*, J., who found for the plaintiff in the sum of $170 and interest. The defendant alleged exceptions.

*R. J. Lane*, (*W. S. Casey* with him,) for the defendant.
*P. F. Spain*, (*E. P. Keleher* with him,) for the plaintiff.

Lummus, J. John H. Casey died June 10, 1931, leaving a widow (the plaintiff), a daughter by a former marriage (the defendant), and a son. The widow was given a legacy of $20,000 which has not been paid because of a deficiency of assets. The title to a block of twenty-four apartments,

called Babcock Halls, stood in the name of the defendant, subject to large mortgages. The plaintiff, by a suit in equity, sought to have the defendant declared a trustee of Babcock Halls for the deceased. That suit was settled by a written agreement by which the plaintiff waived all claim to Babcock Halls upon the agreement of the defendant to pay to the plaintiff, in reduction of her legacy, $100 a month out of the net income of Babcock Halls. The plaintiff occupied an apartment in Babcock Halls, and the agreement provided that she should pay, by deduction from her legacy, $75 a month as rent so long as she should continue to occupy. In the event of her moving out, as she did on February 1, 1933, the agreement provided that the defendant "shall immediately endeavor to let said apartment and upon the letting thereof" the defendant shall pay to the plaintiff "the monthly income from said apartment in addition to the one hundred dollars" a month out of the net income of the block, which was the general monetary consideration for the settlement.

On October 1, 1934, the defendant rented the apartment to a tenant for $85 a month. This action was brought to recover $170, the amount of the rent collected for October and November, 1934. The defence is, that the expense of operating Babcock Halls in 1934 exceeded the rentals, and that if a fair part of the expense should be allocated to the apartment in question, the net "monthly income" would be nothing. But we agree with the trial judge that the agreement did not contemplate any such elaborate computation. While the plaintiff occupied the apartment, the agreement gave her a place to live in for which she allowed $75 a month in deduction of her legacy. When she ceased to occupy that apartment, and had to maintain a place elsewhere, the agreement gave her, in substitution for her earlier occupation, whatever sum the apartment might bring in, and that too was to constitute part payment of her legacy. In either case, we think that the defendant assumed the general expense of maintaining the block. The case is different from those in which the "income" of specific property held as an entity has been decided to mean

the net income.   *Bridge* v. *Bridge,* 146 Mass. 373, 376. *Parkhurst* v. *Ginn,* 228 Mass. 159, 169.   The fact that the monthly payment of $100 was payable only out of the "net income" of the block, does not show that the "monthly income" of the apartment meant net income.

For reasons already stated, we think that repairs made upon the apartment in question are not to be deducted in determining the "monthly income" of the apartment under this agreement.

*Exceptions overruled.*